**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10288 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00029-MMD-WGC-1 |
| v. | |
| ROBERT GENE RAND, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 11, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Robert Gene Rand (Rand), who was convicted of involuntary manslaughter

and distribution of a controlled substance, appeals the district court's denial of his

motion to disqualify the district court judge and his third motion for compassionate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

release. In his motion to disqualify, Rand asserted that the district court judge should recuse herself prior to rendering a decision, arguing that: (1) the district court judge had a personal interest in combating drug addiction because two of her stepsons struggled with addiction, (2) one of the district court judge's former co-workers at a law firm was the brother-in-law of Rand's co-defendant, (3) the father of one of Rand's victims served as a court security officer (CSO) at the courthouse where the district court judge has her chambers, and (4) the mother of one of Rand's victims posted a comment on the Facebook page of the district court judge's stepson.

The district court judge did not abuse her discretion in denying Rand's motion. *See United States v. Mikhel*, 889 F.3d 1003, 1025 (9th Cir. 2018) (explaining that "[w]e review the denial of a recusal motion for an abuse of discretion") (citation omitted). In reviewing the district court judge's recusal decision, "we ask whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 1027 (citation and internal quotation marks omitted). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (citation omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal

2

is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (citation omitted).

The district court judge properly determined that a reasonable person would not question her impartiality, because Rand's motion was premised on "nothing more than unconvincing speculation layered over inaccurate facts."[1] The district court judge explained that, like many families, she had "firsthand experience with the tragic effects of drug abuse and addiction," and that Rand inaccurately asserted that one of her stepsons died of a drug overdose. The district court judge conveyed that she had "no relationship with either [the brother-in-law of Rand's co-defendant] or his wife outside of the context of [her] former law firm," and that she was previously unaware that the CSO's son was one of Rand's victims. The district court judge elaborated that her "interactions [with the CSO] did not go beyond the polite conversation" she had "with all the CSOs who work at the courthouse when [she] pass[ed] through security screening, or their duties [took] them through [her] chambers or courtroom." The district court judge also stated that she lacked any relationship with the mother of one of Rand's victims, and was

---

[1] Contrary to Rand's assertions, the district court judge did not apply an erroneous standard in holding that recusal was unwarranted. Instead, she addressed each of Rand's contentions, and concluded that "no reasonable person would question [her] impartiality."

3

unaware that the mother posted a comment on her stepson's Facebook page.[2]

Under these circumstances, "a reasonable person with knowledge of all the facts would [not] conclude that the judge's impartiality might reasonably be questioned." *Id.* (citation omitted). Because the sole basis for Rand's appeal of the denial of his third motion for compassionate release is that the district court judge should have recused herself, we also affirm the denial of compassionate release.[3]

**AFFIRMED.**

---

[2] The investigative report Rand submitted in support of his motion does not conflict with the district court judge's statements. The report confirms that "no evidence was found" that the district court judge and the brother-in-law of Rand's co-defendant "had any type of relationship nor knew each other." Additionally, the investigation "did not confirm if [the district court judge] and [the CSO] have a personal relationship nor if they know each other," and that the investigation "could not establish what, if any, relationship [the mother of one of Rand's victims] had with" the district court judge, her stepson, or her family.

[3] Rand's Notice of Appeal indicates an intent to appeal the denial of his motion for leave to file certain exhibits under seal. Because Rand failed to raise any argument on this issue in his briefs, he has waived it. *See* Fed. R. App. P. 28(a).